IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 23-cv-00091-GPG-TPO

DANIEL A. RUPP,

    Plaintiff,

v.

WEST STAR AVIATION, LLC,

    Defendant.

---

## AMENDED ORDER

The Court sua sponte partially reconsiders its previous Order (D. 127) insofar as it denied Defendant West Star Aviation's Motion In Limine Regarding Evidence of Damages (D. 90)..

### I. BACKGROUND

This is an employment dispute. The factual background can be found in the March 4, 2025 Order on the Parties' cross-motions for summary judgment (D. 75). The case is currently set for a jury trial beginning December 8, 2025 (D. 81). The Court held a Trial Preparation Conference on November 24, 2025 (D. 128).

### II. LEGAL STANDARD

Courts may, in their discretion, reconsider prior interlocutory orders. *See, e.g., Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). In deciding a motion to reconsider an interlocutory order, the court is not bound by the stricter standards for considering a Rule 59(e) or 60(b) motion. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 Fed. App'x. 760, 765 (10th

1

Cir. 2007). Instead, a court has "plenary power to revisit and amend interlocutory orders as justice requires." *Spring Creek Exploration & Prod. Co. v. Hess Bakken*, No. 14–cv–00134–PAB–KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015).

### III. ANALYSIS

In view of arguments made at the Trial Preparation Conference and review of the relevant documents, the Court has decided to partly reconsider its prior Order (D. 127) insofar as it ruled on termination damages addressed in Defendant West Star Aviation's Motion In Limine Regarding Evidence of Damages (D. 90). The Court denied the motion in its entirety, which had the unintended effect of partially overruling its March 4, 2025 Order on the Parties' cross-motions for summary judgment (D. 75).

In its motion for summary judgment, West Star explicitly argued that Rupp could not raise a substantial issue of material fact of pretext regarding either his discrimination or retaliation claims for his termination (D. 46 at 18–19, 22, 25). It relied on the same proffered reason for Rupp's termination for each claim, namely, an email written by Rupp, and argued the same standard applied to all five claims (*id.*). In his response, Rupp only addressed pretext in the context of his discrimination claims (D. 67 at 28, 30). Thus, he raised only one set of arguments discussing one set of evidence regarding pretext.[1]

The summary judgment order took "up the issues in the order of Rupp's claims, resolving issues with respect to the first claim that they relate to where possible" (*id.* at 14). As such, it addressed the issue of pretext in the context of Rupp's disability claims, which included his first

---

[1] In Plaintiff's Motion to Clarify Order (DKT. 129), Rupp argues that "Mr. Rupp's FMLA retaliation claim is based on different facts" (D. 131 at 3). Rupp did not raise this or any similar argument in his summary judgment response and, instead, simply referenced Rupp's termination as an instance of retaliation (D. 67 at 36).

claim (*id*.).  Upon analyzing all evidence of and argument for pretext asserted by Rupp, the Court held that "Rupp's arguments regarding West Star's alleged other motivations . . . do not support a conclusion of pretext in relation to his termination" (*id*. at 19).  Therefore, the Court granted summary judgment to West Star on this issue as part of granting summary judgment on the related discrimination claims (*id*. at 20).

In view of the arguments presented by the Parties and the Court's ruling, which discussed all responsive arguments Rupp raised suggesting he could show pretext and addressed issues in relation to the first related claim, the Court's summary judgment order resolved the issue of whether Rupp had raised a substantial issue of pretext in favor of West Star.  As such, West Star's request that the Court prevent Rupp from seeking damages related to his termination is a proper exercise of law of the case doctrine at least insofar as Rupp seeks damages for retaliation claims (Claims 3, 6, and 7) to which a pretext analysis applies.  *See Enteck GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) ("Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation.").

The Court remains unconvinced that West Star's broader request to bar any reference to Rupp's termination or potential damages therefrom would be workable or proper.  West Star overstates the breadth of the Court's ruling in arguing that "this Court determined that West Star's bases for terminating Mr. Rupp was lawful" (D. 90 at 4).  The Court's ruling was limited to the issues presented, namely, whether West Star was entitled to summary judgment on the issue of pretext as regards Rupp's termination.  *Cf. Enteck GRB, LLC*, 840 F.3d at 1242 ("But even if law of the case doesn't bar [the] way in this particular instance, forfeiture and waiver doctrine do.").  Accordingly, on reconsideration, the Court grants in part West Star's motion insofar as it seeks to

3

bar Rupp from arguing that he is entitled to damages for his termination under his retaliation claims or seeking such damages through those claims.

## IV. CONCLUSION

Accordingly, it is ORDERED that Defendant West Star Aviation's Motion In Limine Regarding Evidence of Damages (D. 90) is GRANTED IN PART as set out above and otherwise remains denied.

DATED December 2, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge